1  **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8

9   Julia Zlotoff,                          No. CV-19-02829-PHX-JAT

10              Plaintiff,                    **ORDER**

11   v.

12   Commissioner    of    Social    Security
    Administration,

13

14              Defendant.

15          Pending before the Court is Plaintiff Julia Zlotoff's appeal from the Commissioner's

16   denial of her application for a period of disability and disability insurance benefits under

17   Title II of the Social Security Act, 42 U.S.C. §§ 401–434. (Doc. 1). The appeal is fully

18   briefed. (Doc. 12; Doc. 15; Doc. 18). The Court now rules on the appeal.

19   **I.      BACKGROUND**

20          Plaintiff filed an application for disability benefits on May 20, 2015. (Doc. 12 at 2;

21   AR 198–99). That application was denied at the initial stage, (AR 17; AR 84–97), upon

22   reconsideration, (AR 17; AR 99–113), and by the Administrative Law Judge ("ALJ") after

23   a hearing, (AR 17–29; Doc. 12 at 2). The Appeals Council denied review. (AR 1–3).

24   Plaintiff then sought review in this Court. (Doc. 1).

25        **a.    The Disability Determination**

26          A claimant must show she "is under a disability" to qualify for disability insurance

27   benefits. 42 U.S.C. § 423(a)(1)(E). The claimant is disabled if she suffers from a medically

28   determinable physical or mental impairment that prevents her from engaging in any

"substantial gainful activity." *Id.* § 423(d)(1)–(2). The Social Security Administration has created a five-step process for an ALJ to determine whether the claimant is disabled. 20 C.F.R. § 404.1420(a)(1). Each step can be dispositive. *See id.* § 404.1420(a)(4). "The burden of proof is on the claimant at steps one through four," and the burden shifts to the Commissioner at step five. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

At step one, the ALJ examines whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If not, then the ALJ proceeds to step two. At step two, the ALJ considers whether the claimant has a physical or mental impairment or a combination of impairments that are "severe." *Id.* § 404.1520(a)(4)(ii). If the ALJ finds that there is severe impairment, then the ALJ proceeds to step three to determine whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ must assess the claimant's "residual functional capacity" ("RFC") before proceeding to step four. *Id.* § 404.1520(a)(4). The RFC is the most a claimant "can still do despite [her] limitations." *Id.* § 404.1545(a)(1). At step four, the ALJ determines whether the claimant can still do "past relevant work" in light of the claimant's RFC. *Id.* § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the final step and examines whether the claimant "can make an adjustment to other work" considering the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If an adjustment can be made, the claimant is not disabled. *Id.*

**b.    The ALJ's Decision**

The ALJ denied Plaintiff social security benefits because she determined that Plaintiff can "perform sedentary work" and thus "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (AR 21, 28). After finding that Plaintiff was not engaged in substantial gainful activity at step one, at step two, the ALJ determined that Plaintiff "has the following severe

1    impairments: non-epileptic behavioral events, history of generalized tonic clonic [sic]

2    seizure, diabetes mellitus, depression, anxiety, cognitive impairment, carpal tunnel

3    syndrome and postural orthostatic tachycardia (POTS)." (AR 20).

4          At step three, the ALJ concluded that Plaintiff's severe impairments, singularly or

5    in combination, do not "meet[] or medically equal[] the severity of one of the listed

6    impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525

7    and 404.1526." (AR 20). As such, the ALJ underwent the RFC analysis. (AR 21–27). In

8    doing so, she discounted some of the opinions of the medical sources, including the state

9    agency consultants, regarding Plaintiff's mental impairments. (AR 25–27). At step four,

10   the ALJ determined that Plaintiff cannot perform any past relevant work. (AR 27). At step

11   five, the ALJ concluded Plaintiff could perform the occupations of document preparer

12   (DOT #249.587-018), addresser (DOT #209.587-010), and elections clerk

13   (DOT #205.367-030), consistent with the vocational expert's testimony. (AR 28).

14   **II.    LEGAL STANDARD**

15         An ALJ's decision to deny benefits may be reversed only when "it contains legal

16   error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009

17   (9th Cir. 2014) (citation omitted). Substantial evidence means "such relevant evidence as

18   a reasonable person might accept as adequate to support a conclusion." *Id.* (citation

19   omitted). If the evidence reasonably supports either affirming or reversing the ALJ's

20   decision, the decision should be affirmed. *Id.* at 1010. A reviewing court must consider

21   "the entire record as a whole, weighing both the evidence that supports and detracts from

22   the [ALJ's] conclusion, and may not affirm simply by isolating a specific quantum of

23   supporting evidence." *Id.* at 1009–10 (citation omitted). The reviewing court may not

24   affirm the ALJ's decision based on a reason that the ALJ did not rely upon. *Id.* Rather, the

25   reviewing court is restricted to reviewing "only the reasons provided by the ALJ." *Id.* at

26   1010 (citation omitted).

27

28

1    **III.    ANALYSIS**

2              Plaintiff asserts that the ALJ did not properly discount certain opinions of the

3    medical sources, including Dr. Krabbenhoft—a psychologist that examined Plaintiff, the

4    state agency consultants, and Family Nurse Practitioner Simmons ("FNP Simmons").

5    (Doc. 12 at 10–15). As will be discussed, Dr. Krabbenhoft and the state agency consultants

6    are evaluated under different standards than FNP Simmons, and thus, the Court will address

7    Dr. Krabbenhoft and the state agency consultants first and then FNP Simmons.

8              **a.    Medical Opinions of Dr. Krabbenhoft and the State Agency Consultants**

9              Plaintiff first challenges the ALJ's discounting of certain medical opinions of Dr.

10   Krabbenhoft and the state agency consultants. (Doc. 12 at 10–12). "Medical opinions are

11   statements from acceptable medical sources that reflect judgments about the nature and

12   severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis

13   and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's]

14   physical and mental restrictions." *See* 20 C.F.R. § 404.1527(a)(1).[1] The weight that a

15   particular opinion is afforded is based on who is giving that opinion. *Ghanim v. Colvin*,

16   763 F.3d 1154, 1160 (9th Cir. 2014). "Generally, the opinion of a treating physician must

17   be given more weight than the opinion of an examining physician, and the opinion of an

18   examining physician must be afforded more weight than the opinion of a reviewing

19   physician." *Id.*; *see* 20 C.F.R. 404.1527(c)(1)–(2).

20             The Court will first review the ALJ's decision regarding Dr. Krabbenhoft's opinion.

21   Plaintiff saw Dr. Krabbenhoft in October 2015. (Doc. 12 at 5; AR 466–72). It does not

22   appear that she saw Dr. Krabbenhoft again. (Doc. 12 at 5; AR 466–72). Thus, the Court

23   considers Dr. Krabbenhoft an examining provider. 20 C.F.R. § 404.1527(c)(1); *see Davis*

24   *v. Astrue*, 444 F. App'x 151, 152 (9th Cir. 2011); *Malinda K. R. v. Comm'r of Soc. Sec.*,

25   No. 3:19-CV-05310-DWC, 2019 WL 4942360, at *2 (W.D. Wash. Oct. 7, 2019). An ALJ

26   ────────────────
     [1] Psychologists, such as Dr. Krabbenhoft, are acceptable medical sources. *See* 20 C.F.R.
27   § 404.1513(a)(2) (2017) (including licensed or certified psychologists as an "acceptable
     medical source"); *see also McAllister v. Sullivan*, 888 F.2d 599, 602 n.3 (9th Cir. 1989)
     (treating a psychologist as a "physician"). The Court notes that Plaintiff filed her disability
28   claim before March 27, 2017, and thus, the version of 20 C.F.R. § 404.1513 that was
     effective from September 3, 2013 to March 26, 2017 applies.

1    must offer clear and convincing reasons when she rejects the uncontradicted opinion of an

2    examining provider. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). If the opinion

3    is contradicted, then the ALJ may discount an examining provider's opinion if there are

4    specific and legitimate reasons supported by substantial evidence in the record. *Id.*

5         The ALJ discounted Dr. Krabbenhoft's opinion that Plaintiff "is expected to

6    struggle with efficient sustained effort for tasks" because Plaintiff and her mother listed

7    certain activities in the daily living forms that, according to the ALJ, illustrate Plaintiff

8    "maintain[s] a fairly active lifestyle." (AR 26; AR 471 (Dr. Krabbenhoft's conclusions)).

9    The ALJ found, based on the record, that Plaintiff "cares for her 13-year-old son, cooks

10   easy meals and does light cleaning[,] . . . takes her son to baseball and gets him off to

11   school[,] . . . drives, shops by computer, manages finances and attends [her] son's baseball

12   games and family events." (AR 25). Plaintiff claims that the ALJ erred in discounting Dr.

13   Krabbenhoft's opinion. (Doc. 12 at 10, 15).

14        To properly review the ALJ's decision, the Court must first determine what standard

15   applies by evaluating whether any opinion contradicted Dr. Krabbenhoft's opinion

16   regarding Plaintiff's ability to maintain efficient sustained effort. The agency consultants

17   determined that Plaintiff "ha[s] sustained concentration and persistence limitations," and

18   more specifically, that she has moderate limitations in "maintain[ing] attention and

19   concentration for extended periods," in "perform[ing] activities within a schedule,

20   maintain[ing] regular attendance, and be[ing] punctual within customary tolerances," and

21   in "complet[ing] a normal workday and workweek without interruptions from

22   psychologically based [sic] symptoms and to perform at a consistent pace without an

23   unreasonable number and length of rest periods." (AR 93–94; AR 110). These conclusions

24   are consistent with Dr. Krabbenhoft's opinion that Plaintiff "is expected to struggle with

25   efficient sustained effort for tasks," (*see* AR 26), and no other opinion in the record

26   contradicts that opinion.

27        Consequently, the ALJ needed to offer clear and convincing reasons to reject that

28   opinion. She did not do so. "[I]n a case where the medical opinions of the [acceptable

1    medical sources] differ so markedly from the ALJ's, it is incumbent on the ALJ to provide

2    detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *See*

3    *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The relevant opinions of all of the

4    acceptable medical sources in the record do not accord with the ALJ's decision. Moreover,

5    Dr. Krabbenhoft was familiar with nearly all the activities the ALJ listed, yet she still found

6    that Plaintiff may struggle with maintaining an efficient sustained effort for tasks.

7    (AR 467). The ALJ's one-sentence explanation that Plaintiff leads a "fairly active lifestyle"

8    is not enough against this backdrop. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir.

9    2017); *Ghanim*, 763 F.3d at 1162–63; *Godinez v. Berryhill*, No. SACV 17-0194 SS, 2017

10   WL 6349720, at *7 (C.D. Cal. Dec. 11, 2017). The ALJ's rationale is insufficient on its

11   face.

12           The ALJ also erred in discounting the state agency consultants' opinions. (AR 27).

13   The findings of fact made by state agency consultants are considered medical opinions

14   before the ALJ on administrative review. *See* SSR 96-6p, 1996 WL 374180, at *2 (July 2,

15   1996), *rescinded by* SSR 17-2p, 82 Fed. Reg. 15,263 (Mar. 27, 2017).[2] Thus, the ALJ must

16   adequately explain the weight accorded these opinions. *See id.*

17           The ALJ indicated that the agency consultants opined that Plaintiff can "perform

18   only 1 to 2 step instructions." (AR 27). It is not clear where the ALJ got that either agency

19   consultant believed that Plaintiff can "perform only 1 to 2 step instructions" as the ALJ

20   provided no citation. Even so, regardless of the obscurity in the ALJ's decision, it is clear

21   that the agency consultants each found that Plaintiff is markedly limited in her "ability to

22   understand and remember detailed instructions" and her "ability to carry out detailed

23   instructions," which appears to be the basis for the ALJ's assertion that the two consultants

24   opined that Plaintiff can "perform only 1 to 2 step instructions." (AR 93–94; AR 110). This

25   ambiguity in the ALJ's decision, however, is problematic in and of itself as the ALJ should

26   link her reasoning to the particular medical opinion she is discounting to allow for review

27

28   _____
     [2] SSR 96-6p was in effect when Plaintiff filed her claim, and thus, is operative here. *See*
     SSR 17-2p, 82 Fed. Reg. at 15,263.

1    of the decision. *See Garrison*, 759 F.3d at 1012–13. In any event, the ALJ erred in

2    discounting the agency consultants' opinions as her reasoning was insufficient.

3        The ALJ's rationale for rejecting the agency consultants' opinions was limited to a

4    single sentence. (AR 27). The ALJ discounted these opinions because Plaintiff reported

5    that she "assist[s] her son with homework and manage[s] finances with written reminders."

6    (AR 27). The agency consultants' opinions were supported by Dr. Krabbenhoft, however,

7    who stated Plaintiff has "[d]eficits . . . across areas of memory functioning" and that

8    Plaintiff "is expected to struggle with recalling detailed information or procedures."

9    (AR 471). As noted above, "where the medical opinions of the [acceptable medical

10   sources] differ so markedly from the ALJ's, it is incumbent on the ALJ to provide detailed,

11   reasoned, and legitimate rationales for disregarding the physicians' findings." *Embrey*, 849

12   F.2d at 422. In fact, "ALJ[s] must consider factors such as consistency with other medical

13   opinions in deciding what weight to accord" the opinions of the agency consultants. *Nisbet*

14   *v. Astrue*, No. CV 09-356-C-REB, 2010 WL 3893958, at *5 (D. Idaho Sept. 29, 2010)

15   (citing SSR 96-6p, 1996 WL 374180, at *2, 4). Therefore, the ALJ's perfunctory statement

16   that Plaintiff helps her son with homework and manages her finances with written

17   reminders is not sufficient. *See Popa*, 872 F.3d at 907; *Embrey*, 849 F.2d at 421–22;

18   *Amirkhanov v. Colvin*, No. 2:15-CV-01541-DWC, 2016 WL 1567203, at *5–6 (W.D.

19   Wash. Apr. 18, 2016). The ALJ did not explain how these activities contradict the opinions

20   of the agency consultants. *See Popa*, 872 F.3d at 907; *Garrison*, 759 F.3d at 1012–13;

21   *Amirkhanov*, 2016 WL 1567203, at *5–6.[3] The ALJ erred as she did not sufficiently explain

22   why she discounted the opinions of the agency consultants.

23   _____

[3] The Court notes that in both *Popa* and *Armirkhanov*, the ALJ had discounted the opinion
24   of an "other source"—which, as will be discussed, may be discounted for germane
     reasons—rather than the opinion of an agency consultant. *See Molina v. Astrue*, 674 F.3d
25   1104, 1111 (9th Cir. 2012). However, both cases are applicable here as a key issue in each
     case was that the ALJ did not provide sufficient explanation for the decision to discount
26   the other sources' opinions. *See Popa*, 872 F.3d at 907; *Amirkhanov*, 2016 WL 1567203,
     at *5–6. If the ALJ's "path cannot reasonably be discerned," the ALJ's decision must be
27   reversed. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)
     (internal quotation marks omitted) (quoting *Alaska Dep't of Envtl. Conservation v. E.P.A.*,
28   540 U.S. 461, 497 (2004)). The ALJ must "build an accurate and logical bridge from the
     evidence to her conclusions" and may not simply offer conclusory reasoning. *Amirkhanov*,
     2016 WL 1567203, at *6. The ALJ did not build this bridge as she did not explain how

In conclusion, the ALJ did not provide sufficient reasoning to discount the opinion of Dr. Krabbenhoft or the opinions of the agency consultants. Thus, the ALJ erred.

### b.      Opinion of FNP Simmons

Plaintiff also asserts the ALJ erred in giving minimal weight to FNP Simmons' opinion as to Plaintiff's mental capacity.[4] (Doc. 12 at 13–15). The ALJ found, among other things, that Dr. Krabbenhoft's opinion is "significantly inconsistent" with FNP Simmons' opinion and that the objective medical evidence contradicted FNP Simmons' opinion. (AR 25–26).

FNP Simmons is not an acceptable medical source under 20 C.F.R. § 416.913(a) (2017).[5] Rather, she is an "other source." *Id.* § 416.913(d)(1). An ALJ may reject the opinion of an other source for germane reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ did not err as she had germane reasons to reject FNP Simmons' opinion as to Plaintiff's mental capacity.

First, FNP Simmons' opinion was a check-off report that did not elaborate on any of her conclusions. (AR 539–41). An ALJ may "permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions." *Molina*, 674 F.3d at 1111 (alterations in original) (citation omitted).

---

assisting a child with homework and managing finances with written reminders illustrates that Plaintiff is not limited in her ability to perform more than one-to-two-step instructions.

[4] Plaintiff does not appear to challenge the ALJ's decision to discount FNP Simmons' opinion as to Plaintiff's physical capacities. (*See* AR 25; AR 536 (FNP Simmons' evaluation of Plaintiff's physical capacities)). While Plaintiff does mention FNP Simmons' opinion as to Plaintiff's physical capacities, she does not develop any argument that the ALJ erred in discounting that opinion. (Doc. 12 at 13–15). Plaintiff's argument is instead centered on the ALJ's decision as it related to discounting FNP Simmons' opinion as to Plaintiff's mental capacity. (*Id.*). The Court considers any argument relating to the ALJ's decision to discount FNP Simmons' opinion as to Plaintiff's physical capacities waived for failure to develop such an argument. *See Matthew D. v. Comm'r of Soc. Sec.*, No. 2:19-CV-0015-TOR, 2019 WL 6617399, at *5 (E.D. Wash. Dec. 5, 2019); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating review is limited to "only [those] issues which are argued specifically and distinctly in a party's opening brief"); (Doc. 5 at 3 (scheduling order)).

[5] 20 C.F.R. § 416.913 was amended, and the amended version became effective on March 27, 2017. *See* 82 Fed. Reg. 5844, 5875–76 (Jan. 18, 2017). Plaintiff's claim was filed on May 20, 2015, (Doc. 12 at 2; AR 198–99); thus, the version effective from September 3, 2013 to March 26, 2017 applies.

Second, the ALJ found that objective medical evidence, including mental status exams, were inconsistent with FNP Simmons' opinion. (AR 25–26). For example, the ALJ noted that a neuropsychological assessment from October 2014 showed Plaintiff is mildly-to-moderately impaired in attention and concentration, yet FNP Simmons rated Plaintiff's ability to maintain attention and concentration as markedly limited. (AR 24, 26; AR 376, 410, 457 (exam findings); AR 539 (FNP Simmons' findings)). And exams performed during Dr. Krabbenhoft's evaluation showed Plaintiff was able to follow simple instructions while FNP Simmons concluded that Plaintiff has marked limitations in being able to understand, remember, and carry out very short and simple instructions. (AR 539; AR 471). The inconsistency between the exams and FNP Simmons' opinion is also a germane reason that supports the ALJ's decision to discount FNP Simmons' opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Gooding v. Berryhill*, No. 5:17-CV-00565-SK, 2018 WL 6112652, at *1 (C.D. Cal. Mar. 12, 2018).

Finally, the ALJ found that FNP Simmons' opinion was contradicted by Dr. Krabbenhoft's opinion. (AR 25–26). Dr. Krabbenhoft concluded that Plaintiff can follow simple instructions. (AR 471). Additionally, the agency consultants rated Plaintiff as "not significantly limited" in her "ability to carry out very short and simple instructions." (AR 94; AR 110). In contrast to these opinions, FNP Simmons rated Plaintiff as markedly limited in her "ability to carry out very short and simple instructions." (AR 539). Thus, the opinions of Krabbenhoft and the agency consultants were inconsistent with FNP Simmons' opinion, which is a germane reason to discount her opinion. *Molina*, 674 F.3d at 1112.

The ALJ had germane reasons to give FNP Simmons' mental capacity opinion minimal weight. Thus, she did not err in doing so.[6]

## IV.   HARMLESS ERROR REVIEW

Because the Court has found that the ALJ erred, it must now determine if that error was harmless. *Bowers-Crawford v. Acting Comm'r of Soc. Sec. Admin.*, 291 F. Supp. 3d

---

[6] Plaintiff raises other issues, but the Court will first analyze Plaintiff's request for a sentence six remand to introduce new evidence, as that determination will affect whether the Court should reach those issues.

912, 916 (D. Ariz. 2017). If any error was not harmless such that it was not "inconsequential to the ultimate nondisability determination," the Court must reverse. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).

The ALJ's erroneous discounting of the medical opinions of Drs. Krabbenhoft, Campbell, and Nathan relating to Plaintiff's mental impairment was not harmless error. If the ALJ accepted the medical opinions as to Plaintiff's mental impairments, then the hypothetical that the ALJ gave the vocational expert would have included different limitations. *See Embrey*, 849 F.2d at 423 (reversing for redetermination where ALJ erred by improperly discounting opinion of treating provider, and thus, omitting certain limitations that should have been included in the hypothetical given to the vocational expert). Accordingly, the ALJ's decision to discount the medical opinions of Drs. Krabbenhoft, Campbell, and Nathan was not harmless as it was not "inconsequential to the ultimate nondisability determination." *Tommasetti*, 533 F.3d at 1038 (citation omitted).

## V.   CREDIT-AS-TRUE

Plaintiff contends that the Court should credit the medical opinion evidence in this case as true and remand for an immediate award of benefits. (Doc. 12 at 15, 21–22). But, "further administrative proceedings would be useful" as the inadequate reasoning behind why the ALJ discounted the opinions of Dr. Krabbenhoft and the agency consultants leaves open the question of whether Plaintiff is disabled. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Appropriately addressing the weight of the medical opinion evidence will help determine if Plaintiff is in fact disabled. Therefore, application of the credit-as-true rule is not appropriate here, and the Court will remand for a new hearing.

///
///
///
///
///

## VI.    SENTENCE SIX REMAND

Plaintiff requests, in the event that the Court denied her request to remand for an immediate award of benefits, that the Court remand pursuant to sentence six of 42 U.S.C. § 405(g). Sentence six provides that

> the court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). Accordingly, a court may order a "sentence six remand" where: (1) there is new evidence, (2) that evidence is material, and (3) there was good cause for the claimant's failure to present it to the Administration. *See id.*; *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Plaintiff bears the burden of making these three showings. *See Mayes*, 276 F.3d at 462.

Plaintiff asks that the Court remand under sentence six so that the Administration can consider medical records that were not considered by the ALJ. (Doc. 12 at 20–21; *see* Doc. 12-1 (the medical records)). Plaintiff's insurance company appointed a non-lawyer representative to represent her, and this representative failed to timely submit documents to the ALJ before the deadline. (*See id.*). The ALJ noted at the hearing that she had received these documents and asked the representative to submit an explanation as to why the ALJ should find an exception to consider them despite their untimeliness. (AR 38–39). The representative told the ALJ that he would file that explanation, and, according to Plaintiff, the representative later indicated to Plaintiff that he would do so. (Doc. 12 at 20–21; Doc. 12-1 at 20). However, the representative actually failed to do so, and the ALJ did not consider this evidence. (Doc. 12 at 20–21; AR 17).

This evidence is new and material. First, it is new because it has not been considered by the Administration. *See Kyniston v. Colvin*, No. 2:14-CV-00049-TC, 2015 WL 1291126, at *2 (D. Or. Mar. 20, 2015); *Church v. Colvin*, No. 6:12-CV-01250-MC, 2014 WL 562883, at *4 (D. Or. Feb. 5, 2014). Second, the evidence is material. Evidence "is material when it 'bear[s] directly and substantially on the matter in dispute,' and if there is

a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010) (alterations and omissions in original) (citation omitted). The evidence is relevant to Plaintiff's conditions, and it is possible that this evidence could change the ALJ's decision as it provides support for a finding that Plaintiff is disabled. *See Richardson v. Colvin*, No. 06:13-CV-00880-HZ, 2014 WL 4722658, at *6 (D. Or. Sept. 19, 2014); *Church*, 2014 WL 562883, at *4 (holding documents that addressed plaintiff's "medical conditions directly" were material). Plaintiff has shown this evidence is new and material.

Plaintiff has also established that there was good cause for the failure to incorporate such evidence into the record in a prior proceeding. "The good cause requirement often is liberally applied, where . . . there is no indication that a remand for consideration of new evidence will result in prejudice to the [Commissioner]." *Burton v. Heckler*, 724 F.2d 1415, 1417–18 (9th Cir. 1984). There is no prejudice here as this case must be remanded. Thus, the good cause requirement will be liberally applied here. *See id.*

Plaintiff has shown good cause. The representative's failures here were particularly egregious, and they prevented the record from being fully developed. *See Church*, 2014 WL 562883, at *3–4 (remanding pursuant to sentence six where plaintiff's attorneys misled claimant into believing that they submitted all of her medical records to ALJ when they did not); *cf. Jean R. v. Berryhill*, No. C18-0936-RAJ-MAT, 2019 WL 2996545, at *6–7 (W.D. Wash. June 11, 2019) (recommending remand under sentence six where evidence was not in the record due to ALJ's failure to develop the record for a pro se claimant), *report and recommendation adopted*, No. C18-0936-RAJ, 2019 WL 2996280 (W.D. Wash. July 9, 2019). Indeed, Social Security Ruling 17-4p recognizes that representatives play an important part in the truth-finding process at the administrative level. That ruling states that "a representative has an affirmative duty to provide competent assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit." SSR 17-4p, 82 Fed. Reg. 46,339, 46,340–41 (Oct. 4, 2017). But, that duty was not honored here, and Plaintiff is the one who is prejudiced. Plaintiff was

1   entitled to rely on her representative and trust that he filed the medical records as he

2   represented to her. *See id.* at 46,340 ("All representatives must faithfully execute their

3   duties as agents and fiduciaries of claimants."). Plaintiff has shown good cause for the

4   failure to incorporate the additional medical records.[7]

5           The Court finds a sentence six remand is appropriate here. The Commissioner shall

6   allow Plaintiff to offer the documents that were not considered by the ALJ for being

7   untimely submitted. (*See* Doc. 12-1 (the documents)).[8]

8   **VII.   OTHER ISSUES**

9           Plaintiff raises three other issues for review: (1) that the ALJ improperly discounted

10  Plaintiff's testimony,[9] (2) that the ALJ improperly discounted the lay witness testimony of

_____

[7] On a related note, the failure of a claimant's lawyer to submit certain evidence into the administrative record has been found insufficient to show good cause for failure to incorporate that evidence into the record. *Sfetku v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00028-PHX-JAT, 2019 WL 92499, at *13 (D. Ariz. Jan. 3, 2019); *Morales v. Colvin*, No. CIV.A. 13-229J, 2015 WL 1507844, at *4 (W.D. Pa. Mar. 31, 2015). In *Sfetku*, the Court concluded that it "d[id] not believe that counsel's performance is a proper basis upon which to find 'good cause' for not submitting to the ALJ available evidence." *See* 2019 WL 92499, at *13 (quoting *Morales*, 2015 WL 1507844, at *4). The Court cited to *Morales* for the proposition that "plaintiff's dissatisfaction with her prior counsel" cannot "constitute[] adequate good cause for a remand in this case." *See id.* (quoting *Morales*, 2015 WL 1507844, at *4). In *Morales*, the court hypothesized that plaintiff's counsel "may have made a tactical decision" and determined that the additional evidence would not help plaintiff's disability claim. 2015 WL 1507844, at *4. The *Morales* court also noted that the good cause requirement exists to prevent claimants from seeking "another bite at the apple." *Id.* (internal quotation marks and citation omitted). This case is distinguishable. First, Plaintiff's representative made no tactical decision; he erred by untimely submitting Plaintiff's evidence and then failing to provide an explanation for that error so that the untimely-submitted evidence could be considered. Unlike the lawyer in *Morales*, there is no question as to whether the representative here made a tactical decision. Instead, the representative simply neglected to properly submit the evidence. Second, the Court is already remanding, so the policy rationale of preventing multiple bites of the apple is not present. *See Burton*, 724 F.2d at 1417–18 (stating that "[t]he good cause requirement often is liberally applied" where there is no prejudice to the Commissioner). Accordingly, the Court concludes that *Sfetku* and *Morales* are distinguishable.

[8] Some of the documents included in the attached exhibit to Plaintiff's Opening Brief, (Doc. 12-1), are only relevant to the representative's failure to timely submit the evidence and provide an explanation for that untimely submission. (*See, e.g.*, Doc. 12-1 at 20). Only the portions of the attached exhibit (Doc. 12-1) that are relevant to Plaintiff's claim of disability may be considered on remand, however. The Court trusts that the parties can ensure that that limitation is heeded on remand.

[9] Though the Court will not reach this issue, the Court struggled to find specific reasoning regarding why the ALJ discounted Plaintiff's testimony. (AR 21–22 ("[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the

Plaintiff's mother, Marcia Zlotoff, and Plaintiff's "medical advocate," Pedro Leon, and (3) that the ALJ's step-five finding is not supported by substantial evidence. (Doc. 12 at 15–19). Each of these issues may be affected by consideration of Plaintiff's new medical evidence. Consequently, they are not yet ripe for decision. *See Church*, 2014 WL 562883, at *4.

## VIII.   CONCLUSION

The ALJ did not offer sufficient explanation for her decision to discount the opinions of Dr. Krabbenhoft and the agency consultants; thus, the case will be remanded under sentence four of 42 U.S.C. § 405(g). Plaintiff has also shown that a sentence six remand under 42 U.S.C. § 405(g) is proper.[10]

**IT IS ORDERED** that the decision of the Commissioner of the Social Security Administration is **REVERSED** and that the case is **REMANDED** for further proceedings consistent with this Order. Accordingly, the Clerk of Court shall enter judgment pursuant to sentence four of 42 U.S.C. § 405(g).[11] However, the Court will retain jurisdiction pursuant to sentence six of 42 U.S.C. § 405(g), and thus, the Clerk of Court shall not close the case at this time. *See supra* note 10.

---

reasons explained in this decision.")). In analyzing whether to discount a claimant's testimony, "[t]he ALJ must identify the testimony that was not credible, and specify 'what evidence undermines the claimant's complaints.'" *Treichler*, 775 F.3d at 1103 (citation omitted). The ALJ's findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 82 Fed. Reg. 49,462, 49,467 (Oct. 25, 2017). If the ALJ's "path cannot reasonably be discerned," the ALJ's decision must be reversed. *Treichler*, 775 F.3d at 1103 (internal quotation marks omitted) (quoting *Alaska Dep't of Envtl. Conservation*, 540 U.S. at 497). On remand, the ALJ should explain what evidence contradicts what testimony.

[10] A court may remand under both sentence four and sentence six when each are applicable—a phenomenon called a "dual remand." *See Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996); *see also Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002); *Rangel v. Acting Comm'r of Soc. Sec.*, No. CV 16-0091-TUC-BPV, 2017 WL 4296667, at *22 (D. Ariz. Sept. 28, 2017) (collecting cases). Where grounds exist for a dual remand, "[t]he entry of judgment remanding the case does not end the jurisdiction of the district court" because "the district court retains jurisdiction over the case pursuant to sentence six of § 405(g)." *Walters v. Colvin*, 213 F. Supp. 3d 1223, 1232 (N.D. Cal. 2016) (quoting *Jackson*, 99 F.3d at 1097).

[11] To the extent mandate is required, the judgment shall serve as the mandate.

**IT IS FURTHER ORDERED**, given that this case is remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of the new medical evidence discussed above, (Doc. 12-1), that Plaintiff shall file a new opening brief or a motion (or stipulation) to dismiss within thirty days of a final decision by the Commissioner.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report on February 1, 2021, and every six months thereafter, until the preceding paragraph is complied with.

Dated this 16th day of July, 2020.

James A. Teilborg
Senior United States District Judge