**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Zlotoff, | No. CV-19-02829-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court are Defendant's Motion for Relief from Final Order (the "Motion") (Doc. 21) which seeks relief from the Court's July 16, 2020, Order (the "Order"), and Plaintiff's Response (the "Response") (Doc. 22). For the following reasons, the Motion is granted.

## I.      BACKGROUND

Plaintiff filed an application for disability benefits on May 20, 2015. (Docs. 12 at 2, 11-6 at 2–3). That application was denied at the initial stage, (Docs. 11-3 at 18, 11-4 at 3–16), upon reconsideration, (Docs. 11-3 at 18, 11-4 at 18–32), and by the Administrative Law Judge ("ALJ") after a hearing, (Docs. 11-3 at 18–30, 12 at 2). The Appeals Council denied review. (Doc. 11-3 at 2–4). Plaintiff then sought review in this Court. (Doc. 1).

Upon review, the Court found that the ALJ did not offer sufficient explanation for her decision to discount the opinions of Dr. Krabbenhoft, an examining provider, and certain state agency consultants and remanded Plaintiff's case under sentence four of 42 U.S.C. § 405(g). (Doc. 19 at 14). The Court also found that Plaintiff had shown that remand

under sentence six of 42 U.S.C. § 405(g) was proper due to the ALJ's failure to consider certain medical records that were not timely submitted. (*Id.*). To reconcile these two findings, the Court ordered remand under both sentence four and sentence six, or "dual remand." (*Id.* at 14–15; *see* Doc. 19 at 14 n.10).

In response to this order of dual remand, Defendant filed the Motion requesting relief from the Order. (Doc. 21). The Motion requests that, rather than grant dual remand, the Court grant remand under only sentence four of 42 U.S.C. § 405(g) with instructions that the ALJ consider Plaintiff's additional medical records, or, in the alternative, only under sentence six of 42 U.S.C. § 405(g). (Doc. 21 at 9). Plaintiff submitted the Response asserting that the Motion should be denied, and the Order should not be modified. (Doc. 22 at 1).

## II.    LEGAL STANDARD

The Motion seeks relief under Federal Rule of Civil Procedure ("FRCP") 60(b)(6). (*See* Doc. 21 at 3). FRCP 60(b)(6) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[1] A party seeking relief under FRCP 60(b)(6) must move within a reasonable amount of time. Fed. R. Civ. P. 60(c)(1). "To justify relief under subsection (6), a party must show 'extraordinary circumstances.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Courts hold that the extraordinary circumstances requirement can be satisfied by various showings. *See Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002) (holding that an attorney's gross negligence can present an extraordinary circumstance under FRCP 60(b)(6)); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019) (holding that a change in controlling law can present an extraordinary circumstance under FRCP 60(b)(6)); *Duy Pham v. Ryan*, 203 F. App'x 769, 770 (9th Cir. 2006) (holding that a prisoner's lack of English language

---

[1] Because of the dual remand order, the Court retained jurisdiction over the instant matter after issuing the Order. (*See* Doc. 19 at 14). However, the Order constituted a final order under sentence four of § 405(g) and a judgment was entered by the Clerk of Court. (*See* Doc. 20). Thus, the Court finds that Defendant's motion under FRCP 60(b)(6) is appropriate considering the nebulous position of the instant matter.

1   ability can present an extraordinary circumstance under FRCP 60(b)(6)); *Liljeberg v.*
2   *Health Servs. Acquisition Corp.*, 486 U.S. 847, 848 (1988) (holding that a judge's failure
3   to disqualify himself under 28 U.S.C. § 455(a) can present an extraordinary circumstance
4   under FRCP 60(b)(6)).

5       "Rule 60(b)(6) relief normally will not be granted unless the moving party is able
6   to show both injury and that circumstances beyond its control prevented timely action to
7   protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049
8   (9th Cir. 1993). "60(b) motions are addressed to the sound discretion of the district court."
9   *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL-CIO*,
10  448 F.2d 729, 730 (9th Cir. 1971).

11  **III.    ANALYSIS**

12      Defendant argues that relief is warranted under FRCP 60(b)(6) in this case because
13  "the authority for a dual remand in this Circuit is questionable," and the "impractical"
14  nature of dual remand in this case will cause "confusion at the administrative level." (Doc.
15  21 at 4–6). Thus, it appears Defendant is asserting that the circumstances beyond his
16  control involve the Court applying a legal doctrine of unclear authority, and that
17  Defendant's injury is the administrative confusion that dual remand will cause.

18      **A.    Circumstances Beyond Defendant's Control**

19      Defendant argues, and the Court agrees, that the authority for dual remand in this
20  circuit is not entirely clear. As the Court noted in the Order, the Eleventh Circuit adopted
21  dual remand in the case of *Jackson v. Chater*. 99 F.3d 1086, 1097 (11th Cir. 1996).
22  *Jackson's* holding was directly before the Ninth Circuit in *Akopyan v. Barnhart*, but the
23  Ninth Circuit declared that it would not adopt the Eleventh Circuit's reasoning. *See*
24  *Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002) ("Assuming without deciding that
25  this Court would adopt its reasoning, *Jackson* does not compel the result that Akopyan
26  urges."). *Jackson* has been cited in two other cases before the Ninth Circuit, and in neither
27  case did the Ninth Circuit expressly adopt or approve of dual remand. *See Hoa Hong Van*
28  *v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (citing *Jackson* to discuss sentence four

remand, but making no mention of dual remand); *Flom v. Holly Corp.*, 276 F. App'x 615, 617 n.1 (9th Cir. 2008) (citing *Jackson* to discuss sentence six remand, but making no mention of dual remand). In fact, the Ninth Circuit has never adopted dual remand or opined on its viability in this circuit.

Further, language used by both the Supreme Court and the Ninth Circuit renders the viability of dual remand unclear. When discussing § 405(g) actions, the Supreme Court stated that "remand orders must *either* accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, *or* conform with the requirements outlined by Congress in sentence six." *Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991) (emphasis added). The Ninth Circuit has similarly stated, "[o]nce a claimant brings an action under § 405(g), the district court may remand to the Commissioner of Social Security Administration only under sentence four *or* sentence six of § 405(g)." *Hoa Hong Van*, 483 F.3d at 605 (footnotes omitted) (emphasis added). The use of "or" rather than "and" when referring to remand under the different sentences of § 405(g) at least renders dual remand's viability unclear.

To be sure, dual remand under both sentence four and sentence six of 42 U.S.C. § 405(g) has been employed by district courts in the Ninth Circuit on rare occasion. *See Rangel v. Acting Comm'r of Soc. Sec.*, No. CV 16-0091-TUC-BPV, 2017 WL 4296667, at *21 (D. Ariz. Sept. 28, 2017); *Walters v. Colvin*, 213 F. Supp. 3d 1223, 1232 (N.D. Cal. 2016); *Hadera v. Colvin*, No. C-12-5315 EMC, 2013 WL 4510662, at *10 (N.D. Cal. Aug. 22, 2013); *Elizabeth H. v. Berryhill*, No. 6:17-CV-01679-CL, 2019 WL 2530439, at *12 (D. Or. Apr. 15, 2019), report and recommendation adopted sub nom. *Elizabeth H. v. Berrhill*, No. 6:17-CV-01679-CL, 2019 WL 2526188 (D. Or. June 19, 2019). The use of dual remand in a limited number of district court cases, however, neither creates binding precedent nor clearly establishes the authority for dual remand. *See Camreta v. Greene*, 563 U.S. 692, 709 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

Looking to the cases within the Ninth Circuit, the Court finds that, while dual remand is a viable option when dealing with actions under § 405(g), it was reasonable for Defendant not to raise their arguments concerning dual remand in their original briefing due to the Ninth Circuit's unclear stance on the viability of dual remand. The Court's application of dual remand was beyond Defendant's control and prevented Defendant from taking action to argue its interests under this legal theory. [2]

## B.    Defendant's Injury

Defendant argues that dual remand is impractical in the instant case and will cause undue administrative confusion. The Social Security Administration ("SSA") treats remands under sentence four and sentence six of § 405(g) differently. For example, an SSA ALJ can dismiss a request for hearing in an action remanded by a district court under sentence four of § 405(g) but cannot dismiss a request for hearing under sentence six. *See* SSA Hearings, Appeals & Litigation Law Manual ("HALLEX") I-2-4-37. SSA ALJs must also meet different requirements when issuing a decision under sentence four or sentence six of § 405(g) when applicants take certain actions. *See id.*; HALLEX I-2-4-95; HALLEX I-2-4-96. Thus, dual remand creates administrative confusion when trying to determine how to proceed with a case under sentence four and sentence six of § 405(g) simultaneously. (*See* Doc. 21 at 5–6 (averring creation of administrative confusion by dual remand)).

Additionally, dual remand obscures when a plaintiff will move for fees under the Equal Access to Justice Act (the "EAJA"). The EAJA requires a party seeking an award of fees to submit an application for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Because dual remand renders a final judgment under sentence four of § 405(g), a plaintiff may file for fees immediately upon a court's remand order. *See*

---

[2] While Defendant did not raise arguments related to dual remand in their original briefing, once the Court issued the Order, Defendant was diligent in filing the Motion. Within 21 days of the Order, Defendant conferred with Plaintiff regarding the issues associated with dual remand. (*See* Doc. 21 at 3 n.1). When that conference did not lead to an agreement on how to proceed, Defendant filed the Motion only a week later. (*See id.* at 9). The Court finds that this timeline is reasonable under FRCP 60(b)(6). *See Foley v. Biter*, 793 F.3d 998, 1004 (9th Cir. 2015) (holding that 14 months between an order and a FRCP 60(b)(6) motion regarding that order was a reasonable amount of time).

*Jackson*, 99 F.3d at 1097. However, because dual remand does not render a final judgment under sentence six of § 405(g), a plaintiff may wait to file for fees until after the sentence six remand is finalized. *See id.* Under dual remand, plaintiff may also file for fees upon a court's sentence four remand order, and then amend the request for fees after the sentence six remand is finalized. *See id.* at 1097 n.6. As argued by Defendant, dual remand casts a cloud of uncertainty over when Plaintiff will move for fees and the amount of those fees. (*See* Doc. 21 at 5–6).

While such administrative confusion may be required in some cases, it is not necessary in the instant case. Under sentence four of § 405(g), a court may remand a case to the SSA and may order that additional evidence related to the sentence four remand be considered. *See Guzman v. Shalala*, No. C 94-20717 SW, 1995 WL 437720, at *2 (N.D. Cal. July 19, 1995); *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 175 (6th Cir. 1994); *Brown v. Colvin*, No. 1:13-CV-01242-CGC, 2017 WL 634710, at *7 (W.D. Tenn. Feb. 16, 2017). Such a remand is the best remedy when the additional evidence "is almost inseparably connected to the basis of the sentence four remand." *Huber v. Comm'r of Soc. Sec.*, No. 07-14588, 2009 WL 111738, at *11 (E.D. Mich. Jan. 15, 2009).

Here, the basis for the sentence four remand was the ALJ's discounting of certain opinions regarding Plaintiff's medical conditions. (*See* Doc. 19 at 5–8). Similarly, the new evidence offered by Plaintiff is related to Plaintiff's medical conditions. (*See id.* at 12). Further, much of this evidence relates directly to the medical conditions at the heart of the sentence four remand. (*See* Doc. 12-1 at 115–58). Because of its connection to the grounds for sentence four remand, the additional evidence here "is almost inseparably connected to the basis of the sentence four remand." *Huber*, 2009 WL 111738, at *11. Thus, Defendant has shown that the administrative confusion associated with dual remand would cause him injury, and that injury is avoidable.

Plaintiff argues that she would be prejudiced by a remand under only sentence four of § 405(g) because, if the ALJ does not issue a fully favorable decision for her upon remand, Plaintiff will have to go through the SSA Appeals Council, file a new civil action,

and pay another filing fee. (*See* Doc. 22 at 4). Yet, it appears that Plaintiff may encounter many of these same issues under dual remand as well because, when the parties return to the Court after the sentence six remand, only the sentence six grounds may be examined by the Court. *See Jackson*, 99 F.3d at 1096–97 ("[A]fter the remand proceedings the parties must return to court, and the court must enter another judgment terminating the case insofar as it concerns the *sentence-six remand grounds*." (emphasis added)).

Because the Order included a sentence four remand, should Plaintiff not receive a favorable opinion on the sentence four grounds on remand, she will still have to go through the SSA Appeals Council, file a new civil action, and pay another filing fee to be heard by the Court on those claims. *See id.* Further, under dual remand, it is possible that Plaintiff would have to return to the Court twice: once to receive a final order regarding the sentence six remand, and again to appeal on sentence four grounds. Thus, a sentence four remand with an order to consider Plaintiff's additional evidence will cause little to no inconvenience for Plaintiff and may even prove beneficial for Plaintiff.

Plaintiff additionally argues that a dual remand will allow for the unripe issues not yet reached by the Court, (*See* Doc. 19 at 13–14), "to be addressed and resolved by the Court," (Doc. 22 at 5). These issues concern the additional evidence not considered by the ALJ. (*See* Docs. 12-1, 19 at 13–14). Remanding under sentence four with an instruction for the ALJ to consider the additional medical records will similarly allow for the Court to address and resolve the unripe issues should Plaintiff not receive a favorable opinion on remand. Thus, a sentence four remand with an order to consider Plaintiff's additional evidence will not prevent the unripe issues from being fully developed by the ALJ and considered by the Court, if necessary.

## III.   CONCLUSION

Defendant has shown both that circumstances beyond its control prevented timely action to protect its interests and injury related to dual remand under the Order. The Court finds that the Motion was made in a reasonable amount of time and presents exceptional circumstances justifying relief under FRCP 60(b)(6). Thus, the Motion will be granted, and

the Court will modify its previous order to remand only under sentence four of 42 U.S.C. § 405(g) with instructions that the ALJ consider the additional medical records submitted to the Court (Doc. 12-1). Further, this order will act as the final order in this matter and judgment will be entered, so Plaintiff will have thirty days from when this judgment becomes final to seek fees under the EAJA.

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion for Relief from Final Order (Doc. 21) is **GRANTED.**

**IT IS FURTHER ORDERED** that the decision of the Commissioner of the Social Security Administration is **REVERSED** and that the case is **REMANDED** for further proceedings consistent with this Order and the pertinent sections of the Court's July 16, 2020, Order (Doc. 19). Accordingly, the judgment at Doc. 20 is amended as follows; the Clerk of Court shall enter an amended judgment remanding this case pursuant to only sentence four of 42 U.S.C. § 405(g) and terminate this action.[3]

**IT IS FURTHER ORDERED** that, on remand, the ALJ will consider the additional medical records Plaintiff submitted to this Court (Doc. 12-1).

Dated this 24th day of November, 2020.

James A. Teilborg
Senior United States District Judge

---

[3] To the extent a mandate is required, the judgment shall serve as the mandate.